IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUNCAN J. McNEIL | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1284-B |
| | § | |
| UNITED STATES OF AMERICA, ET AL. | § | |
| | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Duncan J. McNeil, a prisoner in Spokane, Washington, has filed an *ex parte* motion to modify, alter, or amend the findings of the magistrate judge and the August 22, 2005 order dismissing this case without prejudice for failing to pay the statutory filing fee. For the reasons stated herein, the motion should be denied.

I.

This is an unspecified civil action brought against the United States of America and its officers and agencies, including the district and bankruptcy courts for the Northern District of Texas, the U.S. Marshal's Service, the FBI, and the IRS, to compel respondents "to perform [their] duties." Attached to petitioner's complaint is a stipulated order on liability and damages entered by a federal court in the Eastern District of Washington. Although his written submissions are difficult to decipher, it appears that petitioner wants this court and the federal agencies named in his complaint to enforce a foreign judgment against his former employer. Petitioner did not pay the statutory filing

fee when he tendered his complaint to the district clerk. Instead, he sought leave to proceed *in forma pauperis*.

Because petitioner was allowed to proceed *in forma pauperis* in at least three prior civil actions that were dismissed as frivolous, malicious, or for failure to state a claim,[1] he cannot proceed *in forma pauperis* absent a showing of "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). No such showing was made by petitioner in his original complaint. Therefore, the court ordered him to pay the $250.00 statutory filing fee by August 18, 2005. *See* Order, 7/19/05. When petitioner failed to comply with that order, the case was dismissed without prejudice. *See* Order, 8/22/05.

Petitioner now asks the court to modify, alter, or amend the findings of the magistrate judge and the order of dismissal based on new allegations that he is "under imminent danger of serious physical injury." Alternatively, petitioner seeks relief under Fed. R. Civ. P. 60(b).

II.

Fed. R. Civ. P. 59 authorizes a court to amend or alter a judgment in a non-jury case "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." A district court enjoys considerable discretion in granting or denying such a motion. *See Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993). However, amending or altering a judgment is an extraordinary remedy which should be used sparingly. A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could

---

[1] At least five prior civil actions filed by petitioner were dismissed as frivolous or malicious. *See McNeil v. Spokane County Jail*, No. 04-371-AAM (E.D. Wash. Nov. 9, 2004); *McNeil v. Gregoire*, No. 03-372-AAM (E.D. Wash. Nov. 9, 2004); *McNeil v. Miller*, No. 04-378-AAM (E.D. Wash. Nov. 9, 2004); *McNeil v. Tighe*, No. 04-379-AAM (E.D. Wash. Nov. 9, 2004); *McNeil v. Williams*, No. 04-380-AAM (E.D. Wash. Nov. 9, 2004). In addition, petitioner has been deemed a "vexatious litigant" in the Eastern District of Washington, the United States Bankruptcy Court for the Central District of California, and the Spokane County Superior Court. *See McNeil v. Brandt*, No. C05-1043-RSL (W.D. Wash. Jun. 14, 2005).

have been raised prior to entry of the judgment. *See Brewer v. Hill*, No. 3-00-CV-2421-H, 2001 WL 123987 at *1 (N.D. Tex. Jan. 12, 2001) (Kaplan, J.), *citing* 11 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995). Similarly, a Rule 60(b) motion for relief from judgment should be granted only in "exceptional circumstances." *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988), *citing Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

Petitioner alleges that he is "under imminent danger of serious physical injury" due to the conditions of his confinement. More particularly, petitioner claims that Spokane jail officials have denied him access to the law library, withheld certain orders of this court, and transferred him to another detention facility where he may be assaulted by other inmates. Petitioner further alleges that he has been denied unspecified medications and medical treatment in retaliation for filing this suit. Although the risk of attack by other inmates and the denial of medical care may, under certain circumstances, constitute an "imminent danger of serious physical injury," petitioner does not allege any facts to support his conclusory assertions.[2] Absent such facts, the court is unable to conclude that petitioner meets the requirements of the PLRA.

### RECOMMENDATION

Petitioner's *ex parte* motion to modify, alter, or amend the findings of the magistrate judge and the August 22, 2005 order of dismissal should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[2] The court notes that petitioner's original complaint suffered from the same deficiency.

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE